UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RODNEY BARBER,
          Plaintiff,

v.                                                                                C.A. No. 05-390ML

VERIZON NEW ENGLAND, INC., et al.,
          Defendants.


## MEMORANDUM AND ORDER

This case is before the Court on the motion of Defendants Lorna Deplitch ("Deplitch") and Joseph Conway ("Conway") to dismiss Plaintiff Rodney Barber's ("Plaintiff" or "Barber") complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' Motion is granted.

### I. Standard of Review

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), "a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005)(citing Pena-Borrero v. Estremeda, 365 F.3d 7, 11 (1st Cir. 2004)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.

The fact that a motion to dismiss is unopposed does not relieve the district court of the

obligation to examine the complaint itself to see whether it is formally sufficient to state a claim. Pomerleau v. West Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (citing Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003)).

## II. Background

Accepting the allegations in Plaintiff's Complaint as true for the purpose of this motion, the Court considers the following facts. Plaintiff was hired by Verizon New England, Inc. ("Verizon") in January 1985, and was working in its Providence installation center as an equipment installer when the events in question occurred. Defendants Deplitch and Conway were also employees of Verizon: Deplitch as Director of Network Operations and Conway as Manager of Network Operations. Plaintiff does not assert, but the Court infers for the purpose of this motion, that Deplitch and Conway supervised Plaintiff in his position during the time in question.

In January 1997, Plaintiff was diagnosed with Hepatitis C. On October 27, 2003, Plaintiff was granted a leave of absence until January 16, 2004. Plaintiff traveled to Las Vegas, Nevada from January 1, 2004 to January 5, 2004. The Complaint alleges that Conway relayed that information to Deplitch on January 15, 2004. When Plaintiff returned to work on January 16, 2004, Conway met with him "to discuss [his] attendance." (Compl. ¶ 14.) On January 29, 2004, Plaintiff received a letter from Deplitch terminating his employment with Verizon, citing his trip to Las Vegas while on leave as the reason.

On March 22, 2004, Plaintiff filed a charge of discrimination with the Rhode Island

2

Commission for Human Rights (the "Commission").[1] Plaintiff named only Verizon in the section titled, "Named is the employer, labor organization, employment agency[,] apprenticeship committee, state or local government agency who discriminated against me (If more than one list below.)" In the narrative section, Plaintiff alleged "discriminatory terms and conditions of employment, including denial of reasonable accommodation and an unfair suspension . . ." on the basis of his physical disability. (Defs.' Mem. Supp. Mot. Dismiss Ex. A.) Plaintiff's sole reference to an individual in the charge is his statement that Deplitch sent him a termination letter on January 29, 2005, stating the reason for his firing was the misuse of company benefits. Plaintiff was issued a notice of right to sue dated June 29, 2005.

On August 31, 2005, Plaintiff filed a complaint in Rhode Island Superior Court alleging discrimination based on his disability. To be precise, Count I of Plaintiff's Complaint charges that "[t]he actions of Verizon, as aforesaid have denied Barber the same rights to make and enforce contracts on the basis of his disability within the meaning of and in violation of the Rhode Island Civil Rights Act ["RICRA"], R.I.G.L. 42-112-1, *et seq.*" (Compl. ¶ 23.) Count II charges Verizon with the same denial of rights in violation of the Rhode Island Fair Employment Practices Act ("RIFEPA"), R.I.Gen. Laws § 28-5-7, *et seq.* (Compl. ¶ 27.) Count III alleges that Conway and Deplitch were employed by Verizon during the relevant time period, and that they "were acting within their scope of employment of Verizon, and therefore Verizon is responsible for their actions on the principle of vicarious liability/respondent [sic] superior." (Compl. ¶ 32.) Count III is the only section of Plaintiff's Complaint that names Conway and Deplitch and it does

---

[1] While a court deciding a Rule 12(b)(6) motion is normally constrained to consider only the plaintiff's complaint, a court may nonetheless take into account a document whose contents are linked to the complaint and whose authenticity is not challenged, such as a charge of discrimination filed with the Commission, without converting the motion into a summary judgment request. Beddall v. State St. Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).

not include any further description of their conduct with relation to Plaintiff.

On September 13, 2005, Defendants Verizon, Deplitch, and Conway petitioned for removal to this Court based on the diversity of citizenship of the parties. On October 11, 2005, Defendants Deplitch and Conway filed a Motion to Dismiss all counts pertaining to them, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded to the motion.

### III. Discussion

Under RIFEPA, complainants must exhaust their administrative remedies prior to commencing judicial action. Paulo v. Cooley, Inc., 686 F. Supp. 377, 382 (D.R.I. 1988). To exhaust administrative remedies, a complainant must follow the Commission's procedures, which include filing a written charge detailing the allegedly discriminatory conduct, and submitting to Commission efforts to conciliate or settle the charge. Rhode Island Commission for Human Rights, Rules and Regulations, Rules 4-17, available at http://www.richr.ri.gov/frames.html. Once the Commission has granted the right to sue, Commission proceedings are terminated, and the administrative remedies have been exhausted. Id. at Rule 17.

The undisputed facts and all reasonable inferences taken in the light most favorable to Plaintiff reveal that, as to Deplitch and Conway, Plaintiff has failed to satisfy RIFEPA's prerequisites to commencing suit. As previously set forth, the charge of discrimination submitted by Plaintiff specifically identified Verizon as "the employer . . . who discriminated against me . . ." (Defs.' Mem. Supp. Mot. Dismiss, Ex. A.) Neither Deplitch nor Conway is so identified. Plaintiff never obtained a finding of probable cause or a right to sue letter with regard to Deplitch or Conway.

While there is case law in this Circuit to indicate that the failure to name a defendant in

the charge of discrimination does not preclude suit against that individual, the facts in this case are distinguishable from those in cases which have permitted the plaintiff to proceed against a defendant who is not denominated as an individual against whom the administrative charge is brought. In Chatman v. Gentle Dental Center of Waltham, 973 F. Supp. 228, 236 (D. Mass. 1997), the court held that, although the plaintiff did not name the individual co-defendants in the appropriate section of the charge, the conduct of the co-defendants was nonetheless placed in issue because the body of the charge contained a highly-detailed narrative of the specific wrongful acts that each of the co-defendants had allegedly perpetrated against the plaintiff. In Maldonado-Cordero v. A T & T, 73 F. Supp. 2d 177, 186 (D.P.R. 1999), the court held that the plaintiffs had fulfilled the naming requirement as to A T & T of Puerto Rico even though they named only "A T & T" in their charge. The Maldonado court premised its ruling upon a regulation promulgated by the EEOC which the court found had been designed to allow a complainant to file a claim against a party who is not specifically named as a respondent in the administrative charge so long as the charge itself contains "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Id. (quoting 29 C.F.R. § 1601.12(b) (2005)).

Collectively, Chatman and Maldonado stand for the proposition that courts should not apply an overly-technical pleading standard in passing on the viability of a claim against a defendant simply because that party was not explicitly identified in the administrative charge as a named respondent. Rather, in determining whether all administrative remedies have been exhausted as to a particular party, courts should consider whether the body of the charge contains clear and specific allegations of wrongdoing pertaining to that party, as well as the extent to

which, and in what capacity, the party participated in the administrative proceedings in an effort to resolve that party's interest in the dispute. Chatman, 973 F. Supp. at 235.

The Rhode Island Supreme Court has not addressed whether, and to what extent, a failure to comply with the exhaustion requirements of RIFEPA may be excused. However, that court has stated that Title VII should be used as a guide in construing claims under RIFEPA. Newport Shipyard, Inc. v. Rhode Island Comm'n for Human Rights, 484 A.2d 893, 897-98 (R.I. 1984). As such, Chatman and Maldonado are instructive in determining whether Plaintiff has complied with the filing requirements under RIFEPA as to his claims against Deplitch and Conway.

In the instant case, Plaintiff does not describe the conduct of Deplitch and Conway in the charge with any specificity. In fact, the charge does not mention Conway at all, and it merely names Deplitch as the source of the termination letter, without describing any further conduct on her part. Nowhere is there an allegation of discriminatory conduct or treatment that would put Deplitch or Conway on notice that their actions were being put in issue.

Moreover, nothing in Plaintiff's Complaint indicates Deplitch or Conway had notice or an opportunity to conciliate the charges against them. The Complaint itself does not charge Deplitch or Conway with any violative conduct: Counts I and II allege discrimination by Verizon only and Count III names Deplitch and Conway only by way of alleging Verizon's vicarious liability for their conduct. Therefore, because Plaintiff has failed to detail the allegations of wrongdoing pertaining to Deplitch and Conway in his charge of discrimination, and he has not alleged that either Defendant participated in the administrative proceedings in an effort to resolve their interest in the dispute, he has failed to exhaust the administrative remedies with regard to Deplitch and Conway. For this reason, Count II is dismissed as to Deplitch and Conway.

While RICRA does not require an exhaustion of administrative remedies before a complainant may file suit, <u>Ward v. City of Pawtucket Police Dept.</u>, 639 A.2d 1379, 1382 (R.I. 1994), the absence of any reference to Deplitch or Conway in the allegations under RICRA is fatal to Plaintiff's claim. Plaintiff charges Verizon alone with a RICRA violation, and consequently has failed to state a claim with regard to Deplitch or Conway; therefore, that charge is dismissed as to Deplitch and Conway. Count III charges Verizon with vicarious liability for the actions of Deplitch and Conway. To the extent that Count III attempts to allege a claim as to Deplitch and Conway, it is also dismissed.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is GRANTED as to Deplitch and Conway.

SO ORDERED:

_/s/ Mary M. Lisi_

Mary M. Lisi

United States District Judge

December _19_, 2005