UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RODNEY BARBER,
    Plaintiff,

v.                                                                                              C.A. No. 05-390ML

VERIZON NEW ENGLAND, INC.,
    Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Rodney Barber's Motion to Amend Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's Motion is denied.

### I. Background

On August 18, 2005, Plaintiff filed a Complaint in Rhode Island Superior Court alleging discrimination based on his disability under Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 (1998), Rhode Island Fair Employment Practices Act ("RIFEPA"), R.I. Gen. Laws § 28-5-1 (2000), and the doctrine of vicarious liability. On September 13, 2005, Defendants petitioned for removal to this Court based on the diversity of citizenship of the parties. On October 11, 2005, Defendants Deplitch and Conway filed a Motion to Dismiss all counts pertaining to them, pursuant to Fed. R. Civ. P. 12(b)(6). On December 19, 2005, the Court granted the Motion, dismissing all counts as to Defendants Deplitch and Conway. On

1

January 19, 2006, Plaintiff moved to amend his Complaint pursuant to Fed. R. Civ. P. 15 in order to once again name Deplitch and Conway as Defendants in the action.

## II. Standard of Review

Under Rule 15, once a responsive pleading has been filed, a party may amend its pleading by leave of court or consent of the adverse party, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a court may deny leave for reasons such as futility, bad faith, undue delay, or a dilatory motive on the movant's part, <u>Hatch v. Dep't for Children, Youth and Their Families</u>, 274 F.3d 12, 19 (1st Cir. 2001), and its decision will not be disturbed "if any adequate reason for the denial is apparent on the record[,]" <u>Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.</u>, 412 F.3d 215, 231 (1st Cir. 2005).

## III. Discussion

Here, Plaintiff acknowledges that Defendants Deplitch and Conway were rightly dismissed as to the RIFEPA claim because of Plaintiff's failure to exhaust administrative remedies as to them. Nonetheless, Plaintiff asserts he should be able to sue these Defendants under RICRA and the doctrine of vicarious liability because "additional facts need to be included showing the actions that Lorna Deplitch and Joseph Conway III took or did not take towards the Plaintiff to present a prima facea [sic] case for violation of [RICRA]; and for Vicarious Liability." (Pl.'s Mem. Supp. Mot. Am. Compl. 1.) Plaintiff does not, however, include any such new facts concerning these Defendants in his pleading; his Amended Complaint tracks the first Complaint word for word save for the inclusion of the names Deplitch and Conway in the broad, conclusory allegation of RICRA violation, "[t]he actions of Verizon, Deplitch, Conway, as aforesaid have denied Barber the same rights to make and enforce contracts on the basis of his

disability . . ." (Pl.'s Am. Compl. ¶ 23.) Indeed, the use of "aforesaid" in this paragraph is puzzling because none of the alleged facts in the pleading describe conduct that supports the allegation of discrimination.

In fact, it seems Plaintiff has no facts to sustain these allegations, as he concedes in his Reply Memorandum: "Discovery may prove that the individuals named did not discriminate against Barber, however, at this point in the litigation there is a prima facia case against them based on their actions." (Pl.'s Reply Mem. 1.) Because Plaintiff has failed to allege facts that would support his claim, the Court hereby denies Plaintiff's Motion to Amend without prejudice. If, in the course of discovery, Plaintiff does uncover **facts** that indicate discriminatory conduct on the part of Deplitch and/or Conway, he may then move to amend his Complaint.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend Complaint is DENIED.

SO ORDERED:

_/s/ Mary M. Lisi_

Mary M. Lisi

United States District Judge

March 7, 2006