UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RODNEY BARBER, :
    Plaintiff, :
  :
v. : C.A. No. 05-390-ML
  :
VERIZON NEW ENGLAND INC., :
    Defendant. :

**MEMORANDUM AND ORDER**

This matter is before the Court on Verizon New England Inc.'s ("Defendant") motion for summary judgment. The case was originally filed in Rhode Island Superior Court and was removed to this Court by Defendant. The complaint alleges that Defendant discriminated against Rodney Barber ("Plaintiff") on the basis of his disability in violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 et. seq. ("RICRA") and the Rhode Island Fair Employment Act, R.I. Gen. Laws § 28-5-1 et. seq. ("FEPA"). For the reasons stated herein, Defendant's motion is granted.

**I. Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the pertinent evidence is such that a rational factfinder could resolve the issue in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." Nat'l

1

Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

The moving party bears the burden of showing the Court that no genuine issue of material fact exists. Id. Once the movant has made the requisite showing, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmovant bears the "burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). The Court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Continental Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370 (1st Cir. 1991).

To aid the Court in identifying genuine issues of material fact, this District has adopted Local Rule Cv 56. "Valid local rules are an important vehicle by which courts operate. Such rules carry the force of law, and they are binding upon the litigants and upon the court itself[.]" Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994) (citations and footnote omitted). Local Rule Cv 56 provides that in addition to a memorandum of law, the moving party in a motion for summary judgment "shall" also file a statement of undisputed facts. D.R.I. LR Cv 56(a)(1). An objecting party may also file a statement of disputed and/or undisputed facts setting forth the facts that the objecting party contends preclude summary judgment. Id. at (a)(4). "Any denied or controverted fact must be supported by affidavit or other evidentiary materials." Id. "[A]ny fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion." Id. at (a)(3).

2

Defendant filed its statement of undisputed facts and Plaintiff filed a statement of disputed facts. Plaintiff purports to support several "fact" statements by providing his *own* "affidavits" in which he avers that based upon his "discussion[s] and interactions" with three individuals, he "believe[s]" that these three individuals would have "crucial" information in support of his claim. See Plaintiff's Exhibits 7, 10, 11. Fed. R. Civ. P. 56(e) provides that affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Plaintiff's "affidavits" fail to meet the requirements of Rule 56; therefore the Court will not consider them in deciding this motion. The Court gleans the facts supporting Defendant's motion for summary judgment with these principles in mind.

## II. Facts

Plaintiff began working for Defendant in 1985. Plaintiff was diagnosed with hepatitis C some time between 1994 and 1997. Plaintiff had no symptoms of the disease when he was first diagnosed; he learned that he had the disease from a blood test performed for reasons unrelated to hepatitis C. During his deposition, Plaintiff testified that shortly after being diagnosed with the disease, he was unable to participate in recreational sports as he did before he was diagnosed. Plaintiff also averred that the frequency with which he had sexual intercourse with his wife dropped from once every two days when they were first married to a few times a year beginning in 2001 or 2002. Plaintiff also claims that his condition interfered with his intent to start a family because his doctors "did not know what the medicine would do" and because he was informed that there was a "1 to 2 percent" chance of passing hepatitis to a child. Defendant's Statement of

Undisputed Facts at ¶13. Plaintiff avers that he was impotent during "2001 or 2002." Plaintiff's Statement of Disputed Facts at ¶3.

Plaintiff alleges that he first experienced other symptoms of the disease in or about February 2006, some two years *after* Defendant terminated his employment. Plaintiff stated that the disease made him fatigued and interfered with his sleep-wake cycle. Plaintiff averred that trouble sleeping began in February or March of 2006. Plaintiff believes that fatigue from the disease has impacted his mental abilities. Plaintiff stated, however, that his alleged loss of mental acuity did not affect his work.

In connection with his treatments for his condition, Plaintiff was approved for and took a paid disability leave from October 26, 2003, through January 16, 2004. At that time, MetLife administered Defendant's disability plan. In January 2004, while on disability leave, Plaintiff traveled to Las Vegas to attend a wedding. Defendant's disability plan provides that employees on disability leave who desire to travel must obtain the prior permission of MetLife. Plaintiff did not obtain permission from MetLife to travel to Las Vegas. Traveling without prior approval while on disability leave is a violation of Defendant's Code of Business Conduct because it constitutes a dishonest use of employee benefits, and as such, subjects the employee to termination of employment.

Plaintiff returned to work on January 16, 2004. By letter dated January 29, 2004, Defendant informed Plaintiff that his employment was terminated as of January 16, 2004, for violating Defendant's Code of Business Conduct. Defendant also terminated another employee who was also on disability leave and traveled to Las Vegas to attend the same wedding as

Plaintiff. The other employee also failed to secure permission to travel.

Plaintiff grieved his termination and the matter was submitted to arbitration. The arbitration panel found that Plaintiff had knowingly and "flagrant[ly]" violated the requirements of Defendant's disability plan. Defendant's Statement of Undisputed Facts at ¶46. The panel, however, concluded that termination of employment was too harsh a punishment and ordered Plaintiff reinstated without back pay. Plaintiff is currently employed by Defendant.

### III. Analysis

Because Plaintiff does not allege direct evidence of discrimination, Plaintiff's claim must be analyzed through the familiar scope of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Harding v. Cianbro Corp., 436 F. Supp. 2d 153 (D. Me. 2006). Under McDonnell Douglas, Plaintiff bears the initial burden of establishing a prima facie case of disability discrimination. McDonnell Douglas, 411 U.S. at 802; see also Rodriguez-Garcia v. Junta de Directores de Cooperativa Jardines De San Ignacio, 415 F. Supp. 2d 42, 46 (D.P.R. 2006) ("[i]n order to survive a summary judgment motion, the plaintiff bears the burden of establishing a prima facie case of discrimination"). Although Plaintiff's burden in establishing his prima facie case is "not onerous[,]" if Plaintiff does not establish a prima facie case, the inference of discrimination never arises and summary judgment is appropriate. Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir. 1991) (internal quotation marks and citation omitted).

In order to establish a prima facie case of disability discrimination pursuant to FEPA or RICRA, Plaintiff must show that he was (1) disabled within the meaning of FEPA and RICRA; (2) a qualified individual; i.e., with or without reasonable accommodation he was able to perform

the essential functions of his job; and (3) discharged by Defendant in whole or in part because of his disability. DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13 (R.I. 2005).[1] Once a plaintiff has established a prima facie case, the employer must offer a legitimate nondiscriminatory reason for the discharge. Id. If the employer meets this burden, the presumption of intentional discrimination is extinguished and plaintiff must show that the employer's explanation is a pretext for discrimination. Kosereis v. Rhode Island, 331 F.3d 207 (1st Cir. 2003).

Defendant argues that Plaintiff does not have a disability under FEPA or RICRA. The Americans with Disabilities Act ("ADA") defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; [or] a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(2). In order to be considered disabled under the ADA, an individual must show that (1) his condition qualifies as an impairment, (2) the impairment limits a major life activity, and (3) the limitation on the major life activity is substantial. Sanchez-Figueroa v. Banco Popular de Puerto Rico, ___ F. Supp. 2d ___, 2006 WL 3262491 (D.P.R. Oct. 27, 2006). Plaintiff must show that his alleged disability existed at the time of the discriminatory act. Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 884 n.13 (6th Cir. 1996); Saunders v. Webber Oil Company, No. Civ. 99-246-B-H, 2000 WL 1781835 (D. Me. Nov. 17, 2000).

The Court presumes that hepatitis C qualifies as an impairment under the ADA and thus under FEPA and RICRA. Powell v. City of Pittsfield, 221 F. Supp. 2d 119, 145 (D. Mass. 2002),

---

[1] Generally, Rhode Island courts look to federal case law construing the Americans with Disabilities Act ("ADA") in evaluating claims under FEPA and RICRA. See generally, DeCamp, 875 A.2d at 25 (citing federal law pursuant to the ADA in its analysis of whether the plaintiff was disabled under FEPA and RICRA); see also Kriegel v. State of Rhode Island, 266 F. Supp. 2d 288, 296 (D.R.I. 2003).

aff'd on other grounds, 391 F.3d 1 (1st Cir. 2004) (noting that there is "no doubt" that hepatitis C is a physical impairment under Rehabilitation Act).  Defendant does not dispute that Plaintiff has hepatitis C but argues that Plaintiff is not disabled because he was not substantially limited in any major life activity at the time of the termination of his employment.

### A. The Major Life Activity of Physical Activity

Plaintiff first argues that his hepatitis C impacted the major life activity of "physical activity."  Plaintiff supports his broad physical activity argument by arguing that he was unable to participate in recreational sports activities, specifically football and softball, that he had participated in before he was diagnosed with the disease.  Plaintiff, however, cites no authority in support of his position that this type of physical activity is a major life activity.  This Court agrees with those courts that have considered the question and have determined that physical activity is not a major life activity.  Fornes v. Osceola County Sheriff's Office, No. 604CV112ORL31DAB, 2005 WL 2012285 (M.D. Fla. Aug. 17, 2005), aff'd on other grounds, 179 F. App'x. 633 (11th Cir. 2006) (inability to run and do other strenuous physical activities does not qualify as substantial limits on major life activities); Baerga v. Hospital for Special Surgery, No. 97Civ.0230(DAB), 2003 WL 22251294 at *4 (S.D.N.Y. Sept. 30 2003) ("'strenuous physical activity' is not a 'major' life activity"); Gaddy v. Four B Corp., 953 F. Supp. 331, 337 n.11 (D. Kan. 1997) (physical activity not a major life activity); Scharff v. Frank, 791 F. Supp. 182, 184-185 (S.D. Ohio 1991) ("plaintiff's inability to engage in competitive sporting events and other unusually demanding physical activities did not constitute a substantial impairment of . . . major life activities").  The Court finds that the diminished ability to engage in

7

physical activity is not a substantial limitation on a major life activity. Consequently, Plaintiff has failed to show that he is disabled.

### B. The Major Life Activity of Sexual Activity

Plaintiff next argues that his condition impacted the major life activity of sexual activity. Defendant asserts that Plaintiff has not established that he was substantially limited in the major life activity of sexual activity by virtue of his hepatitis. During his deposition, Plaintiff testified that when he was first married he had sexual relations with his wife "at least once every two days, on average." Plaintiff's Deposition at 141. Plaintiff asserted that sexual activity with his wife started to decline when he "knew things were getting serious" when his "levels began to rise rapidly" in "2002, 2001." Id. at 143. Plaintiff, however, testified that he did not know if the decrease in sexual activity was as a result of a "physical or mental effect." Id. Plaintiff testified that he had problems with impotence during "2001, 2002" although he did not seek medical treatment. Id. at 144.

For purposes of this memorandum and order, the Court assumes without deciding that engaging in sexual activity qualifies as a major life activity. See Powell, 221 F. Supp. 2d at 146 (noting that "courts have had little trouble finding that 'sexual relations" is also a major life activity"); Whitney v. Wal-Mart Stores, Inc., No. Civ. 04-38-P-H, 2004 WL 2792297 (D. Me. Dec. 3, 2004); Saunders, 2000 WL 1781835; but see Soler v. Tyco Electronics, Inc., 268 F. Supp. 2d 97 (D.P.R. 2003) (sexual activity is not a major life activity).

The "determination of whether an impairment substantially limits a major life activity must be made on an individual basis[.]" Katz v. City Metal Co. Inc., 87 F.3d 26, 32 (1st Cir.

1996). "Substantially limits" means that an individual is "unable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity." 29 C.F.R. § 1630.2(j)(1)(i)-(ii). To be substantially limiting, "[t]he impairment's impact must . . . be permanent or long-term." Carroll v. Xerox Corp., 294 F.3d 231, 238 (1st Cir. 2002) (internal quotation marks and citation omitted). Courts consider the following factors in determining whether an impairment substantially limits a major life activity: the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. Arce-Montalvo v. Hospital Buen Samaritano, Inc., 384 F. Supp. 2d 515 (D.P.R. 2005); Harding, 436 F. Supp. 2d 153; 29 C.F.R. § 1630.2(j)(2)(i)-(iii).

Plaintiff's sole evidence on how his hepatitis C has substantially limited his sexual activity is his own deposition testimony that the frequency of his sexual relations with his wife decreased from once every two days to a few times a year in 2001 and 2002. While Plaintiff speculates that his hepatitis is the cause of his decreased sexual activity, he has not pointed to any medical opinion to support his belief. The "decrease in the frequency of sexual activity, by itself, is not sufficient to establish substantial limitation." Soler, 268 F. Supp. 2d at 106 (granting summary judgment for defendant on disability claim). The "evidence concerning substantial limitation is about as thin as it could be, amounting exclusively to the frequency of [plaintiff's] . .

9

. past and present sexual relations. This limited and subjective evidence is simply insufficient to demonstrate a substantial limitation." Whitney, 2004 WL 2792297 at * 8 (emphasis added). Plaintiff did not substantiate "his claim of sexual difficulties with any documentation or testimony beyond a general assertion that the frequency with which he has relations has decreased. Such a bald declaration, without anything more, cannot create a genuine issue of material fact as to [Plaintiff] being disabled that would preclude summary judgment." Contreras v. Suncast Corp., 237 F.3d 756, 764 (7th Cir. 2001).[2]

### C. The Major Life Activity of Reproduction

Plaintiff also argues that he is disabled because his impairment substantially limits the major life activity of reproduction. Once again, Defendant avers that Plaintiff has not produced any competent evidence to establish the he is substantially limited in his ability to procreate by virtue of his hepatitis.

Reproduction is a major life activity for the purposes of the ADA. Arrieta-Colon v. Wal-Mart Puerto Rico, Inc., 434 F.3d 75 (1st Cir. 2006). Plaintiff testified that, at least for a time in 2001-2002, he was impotent[3] but did not seek treatment. Plaintiff also asserted that his doctors

---

[2]The Court acknowledges that there is no general rule that medical evidence is always necessary to establish a disability. Katz, 87 F.3d at 32. However, this matter does not involve an instance where the disability and its impact on an individual's sexual functioning would be obvious or readily apparent to a lay jury without the aid of medical evidence. Id.; see generally Sussle v. Sirina Protection Systems Corp., 269 F. Supp. 2d 285, 304 (S.D.N.Y. 2003) ("Plaintiff has offered this Court no reason to believe that the nature of Hepatitis C is amendable to comprehension by a lay jury in the same manner as are such [other] common aliments. . . . To the contrary, cases which delve into the intricacies of Hepatitis C often rely heavily on medical evidence, medical encyclopedias or diagnostic manuals.")

[3]In his memorandum supporting his objection to Defendant's motion for summary judgment, Plaintiff avers that his impotence was documented in his medical records and refers the Court to Plaintiff's exhibit 6. At the summary judgment stage, "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (internal quotation marks and citation omitted). Plaintiff's exhibit 6 has not been authenticated and therefore the Court does not consider it in its

informed him that they did "not know what the medicine would do" with respect to starting a family and that an unidentified individual or individuals informed him that there was "a 1 to 2 percent" chance of passing hepatitis to a child. Plaintiff's "evidence" is based upon hearsay and is therefore inadmissible. However, even if Plaintiff's evidence were admissible, it provides little guidance on whether an unknown impact of medication or a purported one or two percent chance of passing hepatitis to a child constitutes a substantial limitation on Plaintiff's ability to father a child.

Plaintiff has again supported his position solely by his own self-serving assertions. "Bald and self-serving assertions in affidavits [and depositions], unsubstantiated by any documentation or other testimony, are not sufficient to create a material issue of fact as to whether an impairment has substantially limited a major life activity." Stein v. Ashcroft, 284 F.3d 721, 726 (7th Cir. 2002). Plaintiff has failed to produce any medical evidence from which a reasonable jury could conclude that hepatitis C substantially limits his ability to reproduce. See Cruz Carrillo v. AMR Eagle, Inc., 148 F. Supp. 2d 142, 145 (D.P.R. 2001) (record was absent any medical evidence from which a reasonable jury could find that HIV substantially limits a man's ability to reproduce). Plaintiff's "testimony, without more, is not enough to shoulder his burden of showing a substantial limitation. He is not an expert in the medical field of immunology or reproduction, and . . . no objective evidence has been presented to support his position." Id.; see also Powell, 221 F. Supp. 2d at 147 (finding that hepatitis C substantially limited a major life activity based upon oral testimony of two doctors and a written report of another that showed that

---

decision.

hepatitis C was transferred through sexual activity and caused cirrhosis, liver failure, cancer and death and the evidence showed that plaintiff could not "choose to be intimate with his wife without running the risk of endangering her life"). Plaintiff has not "produced even a scintilla of evidence that he is significantly restricted as to the condition, manner or duration under which he can reproduce as compared to the average person in the general population." Contreras, 237 F.3d at 764. Plaintiff's claim again fails because he has failed to show a substantial limitation in the major life activity of reproduction at the time of his termination.

### D. "Regarded As" Disabled

In his memorandum, Plaintiff also avers that "[e]ven if [the Court] rules that Plaintiff was not substantially limited with respect to a major life activity, the record does or will show that [Defendant] viewed Plaintiff as disabled within the meaning of the ADA." Plaintiff's Memorandum of Law in Support of Objection to Defendant's Motion for Summary Judgment at 7. Plaintiff argues a "regarded as" claim in his memorandum, however he did not include a "regarded as" claim in his complaint. Parties may not raise new claims in response to a motion for summary judgment. Green v. Parker Hannifin Corp., No. 3-04-1139, 2006 WL 229043 (M.D. Tenn. Jan 30, 2006); Johns-Davila v. City of New York, No. 99 Civ 1885 RMB AJP, 2000 WL 1725418 (S.D.N.Y. Nov. 20, 2000).

However, even if Plaintiff had properly pled a "regarded as" claim, it would fare no better than his other claims. Plaintiff argues that Defendant erroneously perceived his condition as substantially impairing the major life activity of working. "An individual who has an impairment that is not substantially limiting (or has no impairment at all) is nevertheless 'disabled' if [he] is

treated by [his] employer as having an impairment that . . . substantially limit[s] major life activities." Tardie v. Rehabilitation Hospital of Rhode Island, 168 F.3d 538, 541 (1st Cir. 1999). Plaintiff argues that Defendant was aware of his condition and that he had conversations with other employees who informed him that Defendant viewed him as a liability. Plaintiff points to information in his "affidavits" in support of this claim. Plaintiff's evidence once again is based upon his own self-serving assertions and nothing more. When claiming that an impairment impacts the major life activity of working, the statutory phrase "substantially limits" requires Plaintiff to

> show, at a minimum, that he is . . . significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

Tebo v. Potter, 345 F. Supp. 2d 61, 67 (D. Mass. 2004) (internal quotation marks and citation omitted); see also Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1169-1170 (1st Cir. 2002); Tardie, 168 F.3d 542 (fact that employer may have viewed plaintiff as unable to perform a particular job does not mean that employer regarded employee as being substantially limited in the major life activity of working). Plaintiff has failed to point to any admissible evidence that would lead to any inference that Defendant regarded Plaintiff as unable to perform a class of jobs or a broad range of jobs.

"If, as is the case here, the plaintiff fails to make it past the first stage, i.e., to aver a prima facie case, the inference of discrimination simply never arises and the employee's motion for

summary judgment is granted." Ingram v. Brink's Inc., 414 F.3d 222, 230 (1st Cir. 2005).[4]

### IV. Conclusion

For the reasons set forth herein, Defendant's motion for entry of summary judgment is GRANTED.

SO ORDERED

*[signature]*
Mary M. Lisi
Chief United States District Judge
December 6, 2006

---

[4]Because the Court has concluded that Defendant has failed to establish a prima facie case, the Court need not address the pretext issue. Tobin v. Liberty Mutual Insurance Co., 433 F.3d 100, 104-105 (1st Cir. 2005) (if plaintiff is able to establish a prima facie case, burden then shifts to defendant); see also Rivera-Garcia v. Ana G. Mendez Univ. System, 359 F. Supp. 2d 58, 60 (D.P.R. 2005) (noting that "[o]nce the plaintiff establishes a prima facie case of disability discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection") (internal quotation marks and citation omitted).
   Plaintiff acknowledges that unsupported self-serving statements are insufficient to preclude summary judgment in an ADA case and argues that he should be allowed further time for additional discovery. Plaintiff, however, has not filed a motion for relief pursuant to Fed. R. Civ. P. 56(f) nor has he identified any reasons why he was not able to provide affidavits establishing the facts necessary to refute Defendant's arguments. See Velez v. Awning Windows, Inc., 375 F.3d 35, 39-40 (1st Cir. 2004) (noting the requirements for a Rule 56(f) motion).